There remains for disposition the appeal at No. 15,290.

Following Judgment in his favor, Collins moved for an award of attorneys' fees pursuant to 5 V.I.C. § 541(b). This motion was denied by the District Court on the ground that "attorneys' fees cannot be awarded to a party against the Government". Collins then appealed, urging that attorneys' fees can be awarded against the Government of the Virgin Islands and that under the terms of the statute such an award is mandatory.

■ Since we hold that the District Court erred in denying Government a jury trial, and that a new trial must be granted, Collins is no longer a "prevailing party" within the meaning of 5 V.I.C. § 541(b). Accordingly, his appeal at No. 15290 becomes moot. However, as the question may arise again following retrial, we call attention to our recent decision in Smith v. Government of the Virgin Islands, 361 F.2d 469, 471 (1966), to the effect that an award of attorneys' fees under 5 V.I.C. § 541(b) is a matter of judicial discretion.

For the reasons stated, the Judgment of the District Court will be reversed, and the cause remanded for a new trial with directions to proceed in accordance with this Opinion.

**James A. McSHANE, Appellant,**

*v.*

**UNITED STATES of America, Scottish Law Society, English Law Society, Rhodesian Immigration Authority, Appellees.**

**No. 20381.**

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1966.

James A. McShane, in pro. per.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Jacqueline L. Weiss, Asst. U. S. Atty., Los Angeles, Cal., for appellee United States.

Before POPE, BARNES, and ELY, Circuit Judges.

ELY, Circuit Judge:

James A. McShane, appearing for himself and purporting to act in behalf of others, filed what is designated as a "Class Action for Return of Children Kidnapped by Foreign Pirates and Damages." In the complaint filed in the District Court, the defendants are not adequately identified, although it appears that the alleged wrongful acts were committed by the Department of State and the Department of Justice of the United States, the Scottish Law Society, the English Law Society, and the London, England, office of the Rhodesian Immigration Authority. Additional defendants are named in the caption of the brief filed in our court, and these include the Polish Court of Warsaw, Poland, and the Canadian Immigration and Naturalization Authority. It is also sought in our court that there be joined as defendants the State of California, the State of Iowa, Edmund G. Brown, Governor of the State of California, Thomas G. Lynch, Attorney General of the State of California, and Elizabeth B. Palmer, Deputy Attorney General of the State of California. These latter named have filed a "special appearance only" for the purpose of opposing the motion for their joinder as defendants.

There is some uncertainty as to the relief which is sought. The original complaint "asks the sum of one million dollars per day damages against the defendants as token damages in the percentages against the defendants as specified by the court, to be retroactive from * * * November 15, 1953 * * *." In our court, it is asked that there be a judgment "against the foreign nations who are still retaining America's children within their boundaries * * *," "that damages in the amounts of one million dollars per day should be apid [sic] to the appellants for the loss of their children," and that certain bonds be required.

The thrust of the grievances originally alleged is that various lawyers, foreign countries, and foreign courts have committed acts affecting the custody of a

number of American children, that such acts have been unlawful and criminal, and that various agencies of the United States, various officials of the United States, three American States and certain officials of one of those states have unlawfully failed and neglected to take steps to correct the wrongs alleged to have been inflicted by the foreign countries and the officials, judges, and attorneys of those countries. It is said that "piracy" has been committed and that American children have been "kidnapped."

Since the day of oral argument in our court, McShane has forwarded a number of documents which we have lodged with our Clerk and not filed. Some of the documents represent attempts to join, as additional appellants, certain persons who were not plaintiffs below. This may not be done, and it is unnecessary for us to describe wrongs alleged to have been done to all these particular individuals.[1]

▮ Treating some of the documents as motions to join additional persons as appellants, the motions must be denied. One cannot be an appellant here unless he has been a party in the court below and has taken the prescribed steps for the perfection of his appeal. See Payne v. Niles, 61 U.S. (20 How.) 219, 221, 15 L.Ed. 895, 896 (1857); Cook & Sons Equipment, Inc. v. Killen, 277 F.2d 607, 609 (9th Cir. 1960); Fed.R.Civ.P. 73 (b).

▮ It appears that the appellant McShane has undertaken to act in behalf of persons, naming them in this court and in the court below, without the authorization or knowledge or consent of at least some of these persons.[2] McShane is not an attorney. While he may appear in propria persona in his own behalf (28 U.S.C. § 1654), that privilege is personal to him. He has no authority to appear as an attorney for others than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954).

1. As an example, we are asked by McShane to join a German-born twenty-year-old girl as an additional appellant "TO SECURE THE LEGAL PARENT AND CHILD RELATIONSHIP DENIED BY CRIMINAL MALPRACTICE IN LAWS OF NATIONS AND OFFICIALS WHO TREAT THE APPELLANTS WITH SILENCE AND COVERUPS TO HIDE THEIR GROSS ERRORS AND PREMEDITATED INFLICTION OF HARM, AND OTHER AID AND ASSISTANCE BY ORDERS OF THE COURT IN THIS SERIOUS CLASS ACTION." McShane represents that the girl's mother is German and that her father is an American who was stationed in Germany in 1945. He charges further that the proposed appellant "should be a United States Citizen, since her father was a native-born, domiciled, taxpaying, fighting serviceman of the United States. * * *", and that "She is entitled to know him [her father], to know where he is, to see him, and he is entitled to know her. It is added that due to a 'law' created by politicains [sic] for no known sane reason, it was forbidden for USA servicemen to marry German women at that time."
Our court is not the proper place first to determine the proposed appellant's asserted claim of citizenship. Under the facts as stated, she may already be a citizen of the United States. See 8 U.S.C. §§ 1401(7), 1401a, 1452. The matter should be presented to the appropriate immigration authorities. As to specific relief which, through appellant McShane, she claims for herself and her father, we can discover no authorized power of our court "to order all officialdom to assist her to find her father, * * *."

2. One communication received by this court reads as follows:
"We have learned that a man named James A. McShane has, without our prior knowledge or consent, joined our names as plaintiffs to a 'motion for arrest, garnishment, and attachment and liens,' which he recently filed in the Ninth Circuit Court of Appeals.
This letter is to certify that we do not know Mr. McShane, nor have we ever given him permission to use our names in any way, nor do we support his views or claims in any way whatsoever.
We wish our names to be removed from any documents on which he may have entered them.
Thank you,
Harold W. Painter
Marylyn J. Painter"

The District Court, on its own motion, dismissed the complaint for lack of jurisdiction. This was proper. Inasmuch as the suit was against the United States, it was incumbent upon the appellant to bring his claim within some statute authorizing the suit. "As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of Congress, or the court cannot exercise jurisdiction over it." United States v. Clarke, 33 U.S. (8 Pet.) 436, 443, 8 L.Ed. 1001 (1834). Appellant has not directed our attention to any such authority, and we can discover none.

It is conceded that the suit cannot be prosecuted unless the United States is a party defendant. The appellant writes, "the USA is an *indispensable party* to this case through negligence, apathy, dereliction of sworn duty to plaintiffs and to young children, failing to uphold the passports, arrogance and derogation of duty and by failing to act with the plaintiffs * * *." (Emphasis added.)

Since the United States has not consented to be sued in a case such as this, and since it is an "indispensable party", it is not necessary for us to examine the problems involving the attempt to sue individual states and their officers. See U.S.Const., Amend. XI; Comment, Private Suits Against States in the Federal Courts, 33 U.Chi.L.Rev. 331 (1966). Nor do we see the need to consider the attempt to sue foreign governments and their officers and citizens and to bring them within the jurisdiction of a court of the United States. See Ex parte Republic of Peru, 318 U.S. 578, 589, 63 S.Ct. 793, 87 L.Ed. 1014 (1943); Guaranty Trust Co. v. United States, 304 U.S. 126, 134, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); Compania Espanola v. The Navemer, 303 U.S. 68, 74, 58 S.Ct. 432, 82 L.Ed. 667 (1938); Berizzi Bros. Co. v. S.S. Pesaro, 271 U.S. 562, 577, 46 S.Ct. 611, 70 L.Ed. 1088 (1926); The Exchange, 11 U.S. (7 Cranch) 116, 3 L.Ed. 287 (1812).

When a father and mother become separated, one of them often becomes far removed from the children. The consequent despair of a worthy, estranged parent is readily understandable, but it cannot influence objective review or affect the court's obligation to perform its duty within the limitations of its authorized judicial power.

Affirmed.