Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellee,

v.

Walter C. MEHLENBACHER, Appellant.

No. 1278, Docket No. 80–6216.

United States Court of Appeals, Second Circuit.

Argued April 29, 1981.

Decided May 27, 1981.*

---

* This appeal was originally heard on April 29, 1981, and was decided by order dated May 27, 1981. Such a summary disposition has no precedential value under our Local Rule § 0.23. Counsel for appellee, however, has requested that the May 27 order be published, so that it can be relied upon in other similar cases. Accordingly, we have decided to repeat the substance of our May 27 order in this opinion, which will be published.

Gregory O'Duden, Atty., U. S. Dept. of Labor, Washington, D. C. (T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Alvin Bramow, Acting Associate Sol., Lois G. Williams, Atty., Washington, D. C., of counsel), for appellee.

Walter C. Mehlenbacher, pro se.

Before LUMBARD, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

LUMBARD, Circuit Judge:

Walter C. Mehlenbacher appeals *pro se* from an order of the United States District Court for the Western District of New York, Curtin, J., enforcing as modified an administrative subpoena duces tecum and ad testificandum. The subpoena, as modified by the district court, would require Mehlenbacher to allow the Secretary of Labor ("the Secretary") or his representatives to enter Mehlenbacher's farm to examine his payroll records and interview workers and investigate conditions on the farm. The subpoena was issued in connection with an investigation of Mehlenbacher's farming operations pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and the Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. §§ 2041–2055. Mehlenbacher objects to the subpoena as failing to conform to law, lacking in reasonableness and relevancy, and violating his constitutional rights and those of his employees. We disagree, and therefore affirm the order of the district court.

Because of the prior history of two of Mehlenbacher's farm labor contractors and because of a newspaper report concerning conditions on Mehlenbacher's farm, the Secretary deemed it necessary to investigate Mehlenbacher's operations to determine if there existed any violations of the FLSA or FLCRA. Pursuant to this investigation, compliance officers of the Department of Labor contacted Mehlenbacher and requested permission to inspect payroll records kept pursuant to regulations promulgated in accordance with the two Acts, *see* 29 C.F.R. § 516.2 (1980) and 29 C.F.R. § 40.53 (1980), and to visit the premises to interview employees and conduct a health and safety inspection of employee housing. Mehlenbacher declined permission.

Mehlenbacher was then served with a subpoena duces tecum and ad testificandum issued under the authority granted to the Secretary by the two Acts. *See* 29 U.S.C. § 209 (FLSA); 7 U.S.C. § 2046 (FLCRA). Upon Mehlenbacher's refusal to comply with the subpoena, the Secretary petitioned the United States District Court for the Western District of New York for enforcement of the subpoena, as also authorized by 29 U.S.C. § 209 and 7 U.S.C. § 2046.

Mehlenbacher opposed the request for enforcement. He argued that the subpoena was overly vague, was not based upon "probable cause," might result in contamination of his crops, and would violate the rights of his employees. The district court held two days of hearings on Mehlenbacher's objections to the subpoena. From the bench, the court emphasized that Mehlenbacher would not have to transport or copy the records, but that the Department of Labor would inspect and copy them in Mehlenbacher's office at its own expense. The judge also stated that there were reasonable grounds for the subpoena based upon the prior histories of two of Mehlenbacher's farm labor contractors (both of whom had previously been cited for labor violations) and upon the newspaper article suggesting possible improprieties. Finally, the court, after allowing a representative of Mehlenbacher's employees to intervene, modified the subpoena by limiting the times of interviews with workers to between 6:00 p. m. and 9:00 p. m. and by denying permission for investigators to enter work areas. At the same time, the court denied access to information sought pertaining to violations of child labor laws, but provided that if the investigation as allowed disclosed the need for such information, the department could reapply to the court for an order to obtain it. The district court then fashioned an order which enforced the subpoena as modified.

Mehlenbacher now argues that the subpoena 1) is improper in that the government is not required to provide him with costs of compliance, 2) is unreasonable and overbroad and authorizes a "fishing expedition" into his records, 3) violates the constitutional rights of his employees, including their rights of association, of privacy and of contract, and 4) violates his own rights under the fourth, fifth, ninth, and thirteenth amendments to the Constitution.

█ First, Mehlenbacher's argument for costs is without merit. Although Mehlenbacher asserts that New York law would require the government to accompany the subpoena with the costs of production, the subpoena here was issued by a federal agency pursuant to federal law, and the Federal Rules of Civil Procedure govern its enforcement. Given the fact that the documents will be produced in Mehlenbacher's office and copied at the government's expense, and given the fact that investigators were allowed by the district court onto the farm only at times and in places which would not unduly interfere with Mehlenbacher's operations, we see no need for costs. In any event, the district court acted well within its discretion under Rule 45(b), and clearly no costs were required by Rule 45(c).

█ Second, the Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and to have those subpoenas enforced by federal courts. See Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). The subpoena power is limited, however, by requirements of reasonableness and relevancy. See, e. g., SEC v. Brigadoon Scotch Dist. Co., 480 F.2d 1047, 1053 (2d Cir. 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974). The burden of proving unreasonableness is on the party attempting to quash or modify the subpoena. Id. at 1056.

█ We find no merit to the objections as to relevance or reasonableness. The documents sought were clearly relevant to the Department's investigation of possible violations of the FLSA and FLCRA at Mehlenbacher's farm. Moreover, interviews with workers and investigations of their living and working conditions were also relevant.

█ As to reasonableness, we believe the district court took great pains to ensure that the burdens imposed by the subpoenas would be as slight as possible. Mehlenbacher complains that the subpoena is unnecessarily burdensome because it states in two places that representatives of the Secretary of Labor must be given access to documents, "including but not limited to" certain specified items. This phrase, however, does not afford agents authority to search

out and copy any document no matter how relevant. The language immediately preceding the quoted phrase in the subpoena makes clear that only those documents "required to be kept for the last three years pursuant to 29 C.F.R. § 516.2" and those "required to be maintained pursuant to 29 C.F.R. § 40.53" are subject to the subpoena. Thus the subpoena designates the required documents with reasonable particularity. A subpoena need not specify all the particular items sought where they are not all known, but may simply require production of all documents pertaining to a specified matter or issue. See C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2454, at 428 (1971). The limits set on the times and places of the investigations and interviews also ensure that the subpoenas will not be unduly disruptive of Mehlenbacher's operations.

█ Third, as for the constitutional rights of the workers, it appears that the intervenor who represented those workers has not taken an appeal to this court. Mehlenbacher cannot raise the issue of the alleged infringement of the rights of others. *See, e. g., Phillips v. Tobin*, 548 F.2d 408, 413–15 (2d Cir. 1976); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). At the same time, we note that the district court was quite sensitive to the rights of Mehlenbacher's employees and limited the access of Labor Department officials to them.

█ Finally, Mehlenbacher argues that production of the documents in question will violate his rights against unreasonable searches and seizures under the fourth amendment and against self-incrimination under the fifth amendment. We disagree. Production of the documents requested would not violate Mehlenbacher's fourth or fifth amendment rights because the subpoenas seek only those documents required to be maintained by federal law and therefore come within the "required records" doctrine. *See Shapiro v. United States*, 335 U.S. 1, 32–36, 68 S.Ct. 1375, 1391–1394, 92 L.Ed. 1787 (1948); *United States v. Silverman*, 449 F.2d 1341, 1345 (2d Cir. 1971), *cert.*

*denied*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); *United States v. Kaufman*, 429 F.2d 240, 247 (2d Cir.), *cert. denied*, 400 U.S. 925, 91 S.Ct. 185, 27 L.Ed.2d 184 (1970). Under that doctrine, records required to be kept pursuant to valid regulatory programs have a "public aspect" for purposes of constitutional analysis, and thus are not private papers entitled to the protection of the fourth or fifth amendments. *Shapiro v. United States, supra; Kaufman, supra; Silverman, supra.*

We find no errors, and therefore affirm the district court's order enforcing the subpoena as modified.