602 So.2d 1066 (1992)
B.J. FRANCIS, SR., ADM. Office of Employment and Training, La. Department of Labor
v.
Nick J. ACCARDO, M.D.
No. CA 91 0574.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Frank T. Scott, Jr., Office of Employment and Training, Baton Rouge, for petitioner/appellee.
Nick J. Accardo, M.D., in pro per.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
The issue presented in this appeal is whether the provisions of La.R.S. 23:1660 allowing the inspection of records as directed by the Department of Employment and Training ("Department") unconstitutionally violate an individual employer's U.S. fourth amendment rights.
A petition to compel compliance with La. R.S. 23:1660 was filed in the trial court *1067 June 26, 1990, by plaintiff seeking an order directing defendant, Nick J. Accardo, Jr., M.D., to comply with plaintiff's subpoena for testimony and the production of business records. The trial court ruled in plaintiff's favor, ordering Dr. Accardo to comply with the subpoena. Dr. Accardo appeals this judgment, arguing the "routine practice of random audits of individual citizens provate [sic] papers" violates the fourth amendment of the United States Constitution.
The provisions of La.R.S. 23:1660 are as follows:
A. Each employing unit shall keep true and accurate records containing such information as the administrator may prescribe. Such records shall be open to inspection and be subject to being copied by the administrator or his authorized representatives at any time and as often as may be necessary. In addition to information prescribed by the administrator, each employer shall keep records of and report to the administrator quarterly the street address of each establishment, branch, outlet, or office of such employer, the nature of the operation, the number of persons employed and the wages paid at each establishment, branch, outlet or office.
B. The administrator or his authorized representative may require from any employing unit any sworn or unsworn reports deemed necessary for the effective administration of this Chapter. Any member of the board of review and any appeal tribunal referee may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, which are deemed necessary for the effective administration of this Chapter.
C. (1) Information, statements, transcriptions of proceedings, transcriptions of recordings, electronic recordings, letters, memoranda, and other documents and reports thus obtained, or obtained from any individual, claimant, employing unit, or employer pursuant to the administration of this Chapter, except to the extent necessary for the proper administration and enforcement of this Chapter, shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, nor be published or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity; however, if requested, an employing unit or employer shall receive with any "notice to appear for a hearing" a copy of the statement which the claimant made regarding his separation from that employing unit or employer and in the same manner and on the same subject, the claimant shall receive a copy of the employer's statement; and additionally, any claimant or his duly authorized representative, at a hearing before an appeal tribunal or the board of review, shall be supplied with information from such records to the extent necessary for the proper presentation of his claim.
(2) Any person who violates any provision of this Section shall be fined not less than twenty dollars nor more than two hundred dollars, or imprisoned for not less than ten days nor more than ninety days, or both.
D. On orders of the administrator, any records or documents received or maintained by him under the provisions of this Chapter, or the rules and regulations promulgated thereunder, may be destroyed under such safeguards as will protect their confidential nature two years after the date on which such records or documents last serve any useful, legal, or administrative purpose in the administration of this Chapter or in the protection of the rights of anyone. [Emphasis added.]
An "employing unit" is defined by La.R.S. 23:1472(10)(a):
"Employing unit" means any individual or type of organization, including the state of Louisiana or subdivisions, or instrumentality thereof or of any other state or of the United States except as excluded by any other provision of this Chapter, and any partnership, association, trust, estate, joint-stock company, nontrading corporation, insurance company, corporation, or *1068 corporate group, whether domestic or foreign, or the receiver, liquidator, trustee in bankruptcy, trustee, or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1935, had in its employ one or more individual performing services for it within the state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments, whether the employing unit is engaged in a number of different types of businesses or is engaged in the same business in a number of different places within this state, shall be deemed to be employed by a single employing unit for all the purposes of this Chapter. [Emphasis added.]
Further, "no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise, except for perjury committed in so testifying." La.R.S. 23:1663. Enforcement of a subpoena issued under La.R.S. 23:1660 is by application for an order by the State court having jurisdiction with in the geographical area of inquiry. La.R.S. 23:1662.
Appellant does not contend that under the provisions cited above or by virtue of any exclusion set forth in La.R.S. 23:1472(12), he is not an "employing unit" subject to the Louisiana Employment Security Law, La.R.S. 23:1471 et seq. Thus, our review is limited to the constitutionality of La.R.S. 23:1660 as applied to an unincorporated individual.
In its reasons for judgment, the trial court cites 2 Am.Jur.2d Administrative Law § 263 (1962), which states:
The power of administrative agencies to compel the attendance and testimony of witnesses and the production of evidence is dependent upon statute. The authority granted is not limited to persons subject to regulation by the administrative agency, and some federal statutes commonly provide that witnesses may be called from any part of the United States. Under other statutes, the effective power of a subpoena is limited by the distance a witness would have to travel to reach the hearing.
The subpoena power is not limited to investigations judicial in nature nor is it dependent upon the existence of "probable cause." Neither is it limited to cases where the subpoenaed records are the sole source of the information sought or are required to be kept by statute or regulation. But authority regarding investigatory subpoenas may not be abusively or oppressively exerted, and in order to be free of a charge of an unreasonable search and seizure the cases in general hold that there must be a demand suitably made by duly constituted authority; that such demand be expressed in lawful process, and that the lawful process, in the case of a subpoena duces tecum, limit its requirements to certain described documents and papers which are easily distinguished and clearly described and which are relevant to the subject of investigation.
Generally speaking, a subpoena is valid, must be obeyed, and will be upheld and enforced by the courts so long as the investigation is for a lawfully authorized purpose within the power of the legislature to command, the information sought is relevant and material to the investigation, and the conditions under which production of records is ordered are not unreasonable. If the demand is unreasonable or overreaches the authority given, those from whom information is sought are not required to submit to the demand but may make appropriate defense or seek appropriate judicial relief. [Footnotes omitted.]
These principles are firmly grounded in the jurisprudence. In Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946), the Court considered the Administrator's right to judicial enforcement of subpoenas duces tecum issued by him in the course of investigations conducted under the federal Fair Labor Standards Act. The federal law involved in that case authorized the Administrator to "enter and inspect such places and such *1069 records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 66 S.Ct. at 500. Power to enforce disobedience of the subpoena power of the administrative agency under the Act was placed in the district court. 66 S.Ct. at 501. The Court found that the purpose of the Act was to "discover and procure evidence, not to prove a pending charge or complaint." Id. The Court concluded that it is not necessary in the exercise of administrative subpoena power that a specific charge or complaint of violation of law be pending; it is enough that the investigation be for a lawfully authorized purpose, stating with particularity the place to be searched and the persons or things to be seized, not excessive for the purposes of the relevant inquiry, and subject to judicial enforcement. 66 S.Ct. at 505-506. Further, the Supreme Court has likened administrative investigative powers to those of a grand jury, which can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not. United States v. Morton Salt Co., 338 U.S. 632, 642-3, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950).
That administrative agencies need no probable cause to exercise their investigative powers is also demonstrated by the court's rationale in Georator Corporation v. Equal Employment Opportunity Commission, 592 F.2d 765 (4th Cir.1979): "[w]hen only investigative powers of an agency are utilized, due process considerations do not attach." The Georator court pointed out that the Supreme Court has distinguished between a general fact-finding investigation by an agency which carries no determinate consequences and an adjudication. [Citing Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).] In the Georator case, the EEOC had made a determination of reasonable cause to believe that the charge of discrimination filed against plaintiff was true and invited the parties to "conciliate". 592 F.2d at 767. The Fourth Circuit held that this determination was not "final" in that it did not fix obligations or legal relationships between the parties; application to a district court was necessary for enforcement. Id.
Although, the entities against whom enforcement was sought in the Walling, Georator, and Morton Salt cases were corporations as opposed to the individual employer involved in the present proceeding, we believe the principles announced therein are equally applicable to individuals. With regard to administrative subpoenas, the jurisprudence has made no distinctions between corporations and individuals. See Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948); United States v. Resnick, 488 F.2d 1165 (5th Cir.), cert. denied, 416 U.S. 991, 94 S.Ct. 2400, 40 L.Ed.2d 769 (1974); Donovan v. Mehlenbacher, 652 F.2d 228 (2d Cir.1981). See also Baltimore City Department of Social Services v. Bouknight, 493 U.S. 549, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990); Lynn v. Biderman, 536 F.2d 820 (9th Cir.), cert. denied, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976); DeMasters v. Arend, 313 F.2d 79 (9th Cir.), cert. dismissed, 375 U.S. 936, 84 S.Ct. 341, 11 L.Ed.2d 269 (1963); Cella v. United States, 208 F.2d 783 (7th Cir.1953), cert. denied, 347 U.S. 1016, 74 S.Ct. 864, 98 L.Ed. 1138 (1954).
In Donovan v. Mehlenbacher, an individual farmer contested the constitutionality of a U.S. Department of Labor subpoena to produce payroll records and inspect conditions on the farm. In upholding the validity of the subpoena, the court stated, "records required to be kept pursuant to valid regulatory programs have a `public aspect' for purposes of constitutional analysis, and thus are not private papers entitled to the protection of the fourth or fifth amendments." 652 F.2d at 231.
Under the Louisiana statutory scheme herein examined, immunity is available to individuals who are compelled to testify or produce evidence as provided by *1070 La.R.S. 23:1663.[1] Additionally, the subpoena power of the Department can only be enforced by application to the district court. La.R.S. 23:1662. Further, Plaintiff has not alleged that the Department has proceeded without lawful authority, nor has he alleged the Department is abusively or oppressively exerting its subpoena power. Thus, we are unable to find any defect in the Department's exercise of its subpoena power in the instant case.
For the reasons herein assigned, the judgment of the lower court is affirmed; all costs of this appeal are to be borne by appellant.
AFFIRMED.
NOTES
[1] We note that a similar immunity provision was held to apply only to compliance with a statutory requirement as to which a person would have been excused from compliance because of his privilege, were it not for the statutory grant of immunity in exchange for such privilege. Shapiro, 335 U.S. at 25, 68 S.Ct. at 1388. Since the extent or availability of immunity is not before this court, we express no opinion on that issue.