19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demola ADESANYA, Plaintiff-Appellant,
v.
WEST AMERICA BANK, Defendant-Appellee.
 No. 93-15179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demola Adesanya appeals pro se the district court's dismissal of his action against Westamerica Bank arising out of Westamerica's repossession of an automobile in Adesanya's possession. Adesanya alleged violations the Equal Credit Opportunity Act, 15 U.S.C. Sec. 1691 et seq., and 42 U.S.C. Secs. 1981, 1985. Adesanya contends the district court erred by dismissing each of his three causes of action and by imposing monetary sanctions on him for failure to appear at several adversarial hearings about which he was notified in a timely manner. He also contends Judge Smith should have recused herself from this matter.[1] We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 This is Adesanya's second appeal in this case. In Adesanya v. West America Bank, No. 90-15439, unpublished memorandum disposition (9th Cir. July 26, 1991), he appealed the district court's dismissal with prejudice of this same action as a sanction for failure to comply with court orders and for filing frivolous motions. He also claimed the district court erred by denying his motion to recuse Judge Smith. We affirmed the denial of the recusal motion, but reversed and remanded the dismissal because the district court had failed to rule on Adesanya's motion for in forma pauperis (IFP) status. On remand, the district court granted Adesanya IFP status and permitted him to file a second amended complaint.
 
 
 4
 The second amended complaint listed three causes of action. First, Adesanya sought damages on behalf of himself and others for Westamerica's failure to retain loan applications in violation of 12 C.F.R. 202.12. He sought a "penalty" of $500,000 for this violation. Second, Adesanya claimed that Westamerica's fraudulent repossession of his vehicle violated his civil rights under 42 U.S.C. Sec. 1981. For this, he sought damages in the amount of $10 billion. Third, Adesanya alleged that Westamerica violated 42 U.S.C. Sec. 1985 when it conspired with the Immigration and Naturalization Service (INS) to have him arrested in order to obstruct his access to the courts. He sought an additional $10 billion in damages for this alleged conspiracy.
 
 
 5
 By order entered December 14, 1992, (the December 14 order) the district court granted in part Westamerica's motion to dismiss and to strike portions of Adesanya's second amended complaint. Adesanya's first cause of action was dismissed in part, the second was dismissed entirely, and the third was not dismissed at that time. The district court also ordered Adesanya to show cause why he should not be sanctioned $450 for his failure to show up at two noticed adversarial hearings. By order entered January 12, 1993, (the January 12 order) the district court dismissed Adesanya's remaining claims and imposed $450 in sanctions.
 
 A. The First and Third Causes of Action
 
 6
 The December 14 order dismissed with prejudice those portions of Adesanya's first cause of action which styled the claim as a class action. Adesanya argues on appeal that this was error. We disagree. As a pro se plaintiff, Adesanya has no authority to appear as an attorney for anyone other than himself. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966).
 
 
 7
 The district court also ordered Adesanya to submit a memorandum detailing the harm he suffered and what statutory relief he was entitled to on the first cause of action. In addition, he was ordered to submit evidence demonstrating that his third cause of action was not barred by the applicable statute of limitations. Adesanya was specifically informed that failure to provide the requested memorandum and evidence by December 31, 1992, could result in dismissal with prejudice of both of these causes of action. Adesanya did not file the requested memorandum or evidence by December 31. The January 12 order then dismissed the first cause of action as a sanction for his failure to do so.
 
 
 8
 In light of the district court's warning that dismissal could follow if Adesanya failed to comply with the December 14 order, we hold that dismissal with prejudice of the first and third causes of action was not an abuse of discretion. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (observing that a warning that failure to obey a court will result in dismissal can satisfy the requirement to consider less drastic alternatives to dismissal), cert. denied, 488 U.S. 819 (1988).
 
 
 9
 We reject as frivolous Adesanya's contention that the district court was without authority to dismiss the first cause of action because we previously reversed and remanded the district court's earlier order dismissing this claim on other grounds. We also reject as frivolous Adesanya's contention that Judge Smith destroyed portions of the record which would have proved that he timely raised the issue of the alleged conspiracy between Westamerica and INS which formed the basis of the third cause of action.
 
 B. The Second Cause of Action
 
 10
 The December 14 order dismissed the second cause of action for failure to bring the claim within the one-year time period provided by the applicable statute of limitations. Adesanya contends that either a three-year statute of applications was applicable to this claim or the doctrine of "relation back" under Fed.R.Civ.P. 15 renders this cause of action timely even if a one-year statute of limitations applies.
 
 
 11
 We have previously held that "California's one-year statute of limitations for personal injury actions governs claims brought pursuant to [section 1981]." Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993), cert. denied, 114 S.Ct. 890 (1994). Thus, Adesanya's second cause of action is time-barred unless saved by the relation-back provisions of Rule 15.
 
 
 12
 Pursuant to Rule 15(c), an amendment to a complaint relates back to the date of the filing of the original complaint if " 'the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' " Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir.1991) (quoting Fed.R.Civ.P. 15(c)).
 
 
 13
 Here, the conduct giving rise to the instant claim occurred at some time between March 25, 1987, when Adesanya's vehicle was repossessed, and July 7, 1987, when Adesanya filed his first action against Westamerica in the Marin Superior Court. Adesanya did not file his federal complaint in the instant case until November 1, 1988.[2] Thus, even if we were to hold that Adesanya's section 1981 claim "related back" to the date he filed his original complaint in federal court, it still would not be timely because more than a year had passed between the triggering event and the date Adesanya filed his original federal complaint.
 
 C. Monetary Sanctions
 
 14
 Adesanya failed to appear for two motions hearings of which he was given timely notice. The December 14 order informed Adesanya that he might be subject to sanctions for these failures to appear and ordered him to show cause why he should not be required to pay Westamerica's costs of attending the second hearing as a sanction. Adesanya failed to respond to the order to show cause. The January 12 order required Adesanya to pay Westamerica's legal fees for the appearance at the second hearing. Adesanya contends that imposition of sanctions was unreasonable because Westamerica's motions were completely groundless. We disagree. This sanction was permissible under Fed.R.Civ.P. 16(f) and was reasonable under the circumstances.
 
 D. Recusal Motion
 
 15
 Adesanya contends Judge Smith should have recused herself from this case because she was formerly managing partner of, and still had financial ties with the law firm which represents defendant-appellee Westamerica in this action. This contention was not timely raised.[3]
 
 
 16
 Adesanya previously filed a recusal motion and accompanying affidavit under 28 U.S.C. Sec. 144. We upheld the denial of this motion in our previous ruling in this case. See Adesanya, No. 90-15439, unpublished memorandum disposition. Because a party can only file one affidavit in support of any section 144 recusal motion in any case, see 28 U.S.C. Sec. 144, we construe the recusal motion at issue here as one brought under 28 U.S.C. Sec. 455.
 
 
 17
 A recusal motion brought under section 455 must be timely. See Preston v. United States, 923 F.2d 731, 733. Here, Adesanya's recusal motion was made more than sixteen months after Adesanya apparently became aware of the alleged grounds for disqualification. We hold that Adesanya's recusal motion under section 455 was untimely. Cf. Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981) (per curiam) (recusal motion under section 144 untimely where made 16 months after grounds for disqualification arose) (cited in Preston, 923 F.2d at 733), cert. denied, 455 U.S. 942 (1982).[4]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, both Adesanya's and Westamerica's requests for oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we reject Adesanya's argument that Westamerica's motion to dismiss and strike portions of the complaint was not timely filed because it preceded an answer to the second amended complaint. As we pointed out to Adesanya in Adesanya v. I.N.S., No. 92-15338, unpublished memorandum disposition (9th Cir. June 16, 1993), under Fed.R.Civ.P. 12(b), a motion to dismiss is a proper response to an amended complaint. Similarly, a motion to strike is also a proper response to an amended complaint. See Fed.R.Civ.P. 12(f)
 We also reject Adesanya's contention that the district court failed to rule on his motion for default judgment against Westamerica on each of the three stated causes of action. The record clearly shows the district court denied this motion on January 12, 1994.
 
 
 [2]
 We note that the original federal complaint made no mention of any fraud by Westamerica, rather it merely charged Westamerica with failing to maintain adequate records under the Equal Credit Opportunity Act. Fraud was not pleaded in the instant federal action until February 3, 1989, when Adesanya filed his first amended complaint
 
 
 [3]
 We deny as frivolous Adesanya's contention that the district court failed to rule on this motion. The record clearly shows the motion was denied in the January 12 order
 
 
 [4]
 All remaining motions outstanding in this docket number are denied as moot