70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Leroy CHESNEY, Plaintiff-Appellant,
v.
W. SEIFERT, Warden; William P. Barr, Attorney General;
R.L. Matthews; Mark A. Henry; Larry F. Taylor, Warden;
J.D. Swinson, Warden; Todd R. Craig; Carl Sparks, Sheriff;
David Laventhol; George Wilkinson; Sam Samples; C.R.
Edwards; C.A. Turnbo; United States of America,
Defendants-Appellees.
 No. 94-55756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 22, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former federal prisoner Robert L. Chesney appeals pro se from the district court's dismissal of his action pursuant to 42 U.S.C. Sec. 1983 and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging violation of the civil rights of deaf inmates. The district court dismissed the action with prejudice after Chesney failed to file a third amended complaint within the time prescribed in the district court's order dismissing the second amended complaint with leave to amend.
 
 
 3
 Having reviewed the record and considered the factors set forth in Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.1992), we conclude that the district court should not have dismissed the action solely on the ground of the untimeliness of the filing of the third amended complaint.
 
 REVERSED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline Chesney's request to direct the district court either to allow the second amended complaint to proceed as a class action without benefit of counsel or to provide court-appointed counsel to the purported class. The district court properly declined to permit the purported class action to proceed without counsel. See McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (pro se plaintiff has no authority to appear as an attorney for others). Moreover, the record does not indicate such exceptional circumstances as would require appointment of counsel at this time. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court)