**Raj Christopher GUPTA, Plaintiff–Appellant,**

v.

**Cal A. TERHUNE; et al., Defendants–Appellees.**

**No. 06–15999.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Raj Christopher Gupta, Valencia, CA, for Plaintiff–Appellant.

Constance L. Picciano, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Raj Christopher Gupta, a former California state prisoner, appeals pro se from

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the district court's judgment, following a jury trial, in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights during prison lockdowns. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in denying Gupta's motion for class certification because Gupta was not an adequate class representative. *See* Fed. R.Civ.P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others).

The district court properly remanded Gupta's unopposed motion for summary judgment to the magistrate judge in order to determine whether a genuine issue of material fact existed for trial. *See Martinez v. Stanford,* 323 F.3d 1178, 1182 (9th Cir.2003) (holding that nonmoving party's failure to oppose summary judgment "does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

The district court properly granted summary judgment on Gupta's Eighth Amendment claims concerning the denial of outdoor exercise before January 2000 because the evidence demonstrated that the lockdowns were based on prison officials' legitimate security concerns and constituted a reasonable measure to restore order in the prison. *See Hoptowit v. Ray,* 682 F.2d 1237, 1259 (9th Cir.1982).

The district court did not err in granting summary judgment for defendants Farris, Briddle, Coe, Cook, Singletary, and Beagle because Gupta failed to present evidence raising a triable issue of fact as to whether any of these defendants were responsible for deciding to impose, continue, or lift the lockdown. *See Hydrick v. Hunter,* 500 F.3d 978, 988 (9th Cir.2007).

The district court did not abuse its discretion in denying Gupta's request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because Gupta failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not abuse its discretion in denying Gupta's motion for the appointment of experts under Federal Rule of Evidence 706 because Gupta's civil rights action did not involve scientific evidence or complex issues. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub. nom., Helling v. McKinney,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

Gupta did not include a trial transcript in the record on appeal as required by Federal Rule of Appellate Procedure 10(b)(2). Without the trial transcript, we cannot judge the validity of any of his claims of error during the trial. *See Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.,* 877 F.2d 787, 789 (9th Cir.1989) ("When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument."); *see also Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991) (dismissing appeal of pro se appellant who did not provide trial transcript). Accordingly, we dismiss Gupta's appeal to the extent he contends the district court made erroneous rulings during the course of the trial.

**AFFIRMED IN PART; DISMISSED IN PART.**