**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL LENOIR SMITH,

        Plaintiff - Appellant,

  v.

ARNOLD SCHWARZENEGGER,
Governor; et al.,

        Defendants - Appellees.

No. 09-15716

D.C. No. 1:07-CV-01547-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Susan R. Bolton, District Judge, Presiding[**]

Submitted August 10, 2010[***]

Before:     O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

    Michael Lenoir Smith, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    Sitting by designation.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to a serious risk to his health. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm in part, vacate in part, and remand.

The district court correctly held that Smith could not bring a class action, or otherwise appear on behalf of other inmates. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks authority to appear as an attorney for others). Therefore, the district court properly dismissed Count II and the portions of Counts I and III seeking to represent inmates other than Smith. *See id.*

In Counts I and III, Smith also sought to represent himself. The district court dismissed these counts with prejudice because it determined that Smith failed to allege facts demonstrating that the defendants were deliberately indifferent to a serious risk to his health and that further amendment of Smith's claims would be futile. In dismissing with prejudice, the district court erred because it is not beyond doubt that Smith could prove no set of facts in support of his claims that would entitled him to relief. *See Reddy v. Litton Industries, Inc.,* 912 F.2d 291, 293 (9th Cir. 1990) (a complaint should not be dismissed with prejudice unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (a prisoner "states a cause of action under the Eighth Amendment by alleging that

09-15716

[defendants] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health").  We therefore vacate in part and remand with instructions to allow Smith the opportunity to amend his complaint to allege facts demonstrating that the defendants are aware of a substantial risk to Smith's health and have not taken action to prevent or minimize that risk.

Smith shall bear his own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**