**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDO G. SANDERS, | No. 09-16206 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01989-GEB-GGH |
| v. | |
| M. YORK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted July 13, 2011[**]

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Amando Sanders, a California prisoner, appeals *pro se* in his 42 U.S.C. §

1983 action alleging deliberate indifference to his serious medical needs in

connection with his hernia operation. The district court granted partial summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment to one defendant, Dr. M. Penner, and a jury found in favor of the remaining defendants, Correctional Officer M. York and Medical Technical Assistant Rubio. Sanders appeals a number of decisions: the partial summary judgment, the district court's refusal to appoint counsel to Sanders, the district court's refusal to appoint an expert to Sanders, and some of the district court's evidentiary rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

### A.     Partial Summary Judgment

We review a grant of partial summary judgment de novo, and we view the evidence in the light most favorable to Sanders, the non-movant. *See Charles Schwab & Co. v. Debickero*, 593 F.3d 916, 918 (9th Cir. 2010). Sanders alleges that Dr. Penner's decisions not to place Sanders in a medical observation room after his surgery and not to give him new dressings resulted in him being denied pain medication, clean clothes, and showers, and being forced to sleep in his own blood, urine, and vomit. Sanders also claims that Dr. Penner's decisions caused him to get a stomach infection. He argues that Dr. Penner's refusals amount to deliberate indifference to Sanders's serious medical needs. "Deliberate indifference" has been defined as disregard of a known excessive risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

2

Sanders's arguments are without merit. Even assuming these problems existed, Sanders offered no evidence to show that Dr. Penner was aware that not placing Sanders in a medical observation room or cleaning his dressings would result in the alleged injuries. Sanders merely alleges that, in the days following his visit to Dr. Penner, he was denied meals, medication, and other things while being forced to sleep in blood, vomit, and urine. Because Sanders does not also allege that Dr. Penner was directly involved, this allegation alone does not raise a fact question regarding Dr. Penner's alleged deliberate indifference.

**B.     Refusal to Appoint Counsel**

"A district court's refusal to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) is reviewed for an abuse of discretion." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Sanders argues that the district court should have appointed counsel pursuant to § 1915, which gives a court the discretion to appoint counsel to a civil litigant in "exceptional circumstances." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). To determine whether exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

3

We agree with the district court that Sanders failed to demonstrate the requisite exceptional circumstances. First, it was not likely that Sanders would succeed on the merits of his claims given that he offered very little evidence in support of his allegations and that he failed entirely to connect some of the defendants to any alleged wrongdoing. Second, although Sanders is a layman with little education, he was able to explain his arguments adequately throughout the litigation. While Sanders might have fared better with the assistance of counsel, this is not the standard used in reviewing denials of appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

## C.      Refusal to Appoint an Expert

The district court's refusal to appoint an expert pursuant to Federal Rule of Evidence 706(a) is reviewed for an abuse of discretion. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070–71 (9th Cir. 1999). Courts have broad discretion to appoint expert witnesses. *See* Fed. R. Evid. 706(a). A district court may abuse its discretion, however, by declining to appoint experts in actions that involve scientific evidence or complex issues. *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub.nom., Helling v. McKinney*, 502 U.S. 903, 112 S. Ct. 291, 116 L. Ed. 2d 236 (1991); *see also Gupta v. Terhune*, 262 Fed. Appx. 772, 773 (9th Cir. 2007).

4

With regard to Sanders's allegations against Dr. Penner, the district court assumed, for the purpose of partial summary judgment, that all of Sanders's factual allegations were true. Therefore, expert testimony regarding the facts of Sanders's alleged injuries and treatment would not have given Sanders any benefit regarding his claims against Dr. Penner. With regard to the claims against York and Rubio, Sanders has not demonstrated that expert testimony would have been helpful, much less important or necessary to explain complex scientific issues or evidence. Sanders needed to prove that the defendants were deliberately indifferent to his medical needs. Expert testimony about the effects of the defendants' alleged deliberate indifference was not necessary. Thus, it was within the district court's discretion to deny appointment of an expert witness.

## D. Evidentiary Rulings

The district court's evidentiary rulings are reviewed for an abuse of discretion and must be shown to have been prejudicial before they amount to reversible error. *See Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). Sanders argues that many of his trial exhibits were improperly excluded by the district court for being classified as inadmissible hearsay. However, Sanders does not show that the exclusions were erroneous or that they were prejudicial.

Hearsay evidence is inadmissible unless an exception applies. The district court gave Sanders two opportunities to explain why his exhibits – which consisted of documents containing out-of-court statements by prison personnel – were not hearsay. Both times, Sanders claimed that the exhibits were records of a regularly conducted activity, but offered no evidence to show that they satisfied the hearsay exception for such records. *See* Fed. R. Evid. 803(6).

Furthermore, Sanders has not shown that the exclusions prejudiced his case. Sanders vaguely argues that the exclusions were "unfair," but does not explain how the exclusions more probably than not caused his trial to result in a tainted verdict. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003).

**AFFIRMED**.[1]

---

[1]     Appellant's motion to withdraw complaints against opposing counsel, filed February 14, 2011, is granted. Accordingly, appellant's previous motion for "investigation of a lawyer," filed December 30, 2010, is denied as moot.