**UNITED STATES of America,**
**Appellee,**

v.

**Frank L. SILVERMAN, Appellant.**

**No. 74, Docket 71-1472.**

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1971.

Decided Oct. 26, 1971.

---

1342

James T. B. Tripp, Asst. U. S. Atty.
(Whitney North Seymour, Jr., U. S. Atty.
for Southern District of New York, Ru-

dolph W. Giuliani, Asst. U. S. Atty., on the brief), for appellee.

Frank L. Silverman, New York City, pro se.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of conviction on five counts of attempted income tax evasion (26 U.S.C. § 7201 (1970)), entered in the United States District Court for the Southern District of New York after a jury trial. Appellant was sentenced to one year imprisonment on each count, the sentences to run concurrently. We affirm the judgment of the district court.

The Government's proof at the trial showed that appellant's tax returns for the calendar years 1961–1965 substantially understated his taxable income. Silverman is an attorney, whose income consisted principally of fees for representing personal injury claimants, commissions received as an insurance broker, wages for acting as a claims referee for the New York Workmen's Compensation Board, dividends from corporate stocks, interest on twenty-three savings accounts and capital gains from transactions in securities.

### I.

■ Appellant's first assignment of error is that his conviction was invalid because one of the jurors on the panel which convicted him, a Mrs. Altman, could not read or write English. This fact was first discovered on the day the jury rendered its verdict, when the forelady sent a note to the trial judge that read: "We have a juror who cannot write English. What do we do re her decision?" The judge suggested that Mrs. Altman be permitted to cast her vote orally. The jury thereupon returned the verdict convicting appellant.

Six days later defendant moved to dismiss the indictment or for a new trial on the ground that Mrs. Altman was not qualified to serve as a juror. After a hearing at which it was established that Mrs. Altman had no difficulty in speaking and understanding English and that she could read numbers, the judge denied the motion.

Section 1865 of Title 28 U.S.C. (1970) provides in relevant part:

(b) * * * [T]he chief judge of the district court * * * shall deem any person qualified to serve on grant [sic] and petit juries in the district court unless he—

* * * * * *

(2) is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form; * * *.

As the hearing revealed, Mrs. Altman had her lawyer fill out the juror qualification form[1] and had in fact answered "No" to the question "Can you read, write, speak and understand the English language?" She had nevertheless been called to serve, and her inability to read and write English remained unknown to all connected with the trial until the day of the verdict.

Section 1867 of Title 28 provides:

(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier,* the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

* * * * * *

(e) The procedures prescribed by this section shall be the exclusive

---

1. Section 1864 of Title 28 provides that if the person whose name has been drawn to serve as a juror "is unable to fill out the form, another shall do it for him, and shall indicate that he has done so and the reason therefor." However the form itself does not contain this information.

means by which a person accused of a Federal crime * * * may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. (Emphasis added.)

We may assume that there was a "substantial failure to comply with the" statute in this case. However, the statute clearly requires that a challenge on this ground be made at or before the voir dire. (See H.R.Rep.No.1076, 90th Cong., 2d Sess. 15 (1968) [1968 U.S.Code Cong. & Admin.News at p. 1805]).

Since defendant failed to raise any objection to Mrs. Altman's serving on the jury until after his conviction, his attack on that conviction cannot be founded on Mrs. Altman's disqualification under the statute. Defendant must establish that there is some basis other than the statutory requirement for invalidating the conviction on the ground of Mrs. Altman's inability to read and write English.

■ The inclusion in the panel of a disqualified juror does not require reversal of a conviction unless there is a showing of actual prejudice. See, e. g., United States v. Rosenstein, 34 F.2d 630 (2d Cir. 1929); Jackson v. United States, 408 F.2d 306, 309 (9th Cir. 1969) ("where it is discovered, after a trial, that an answer given by a prospective juror was incorrect because of an oversight or failure to understand the question, and no reasonable possibility of prejudice is shown, the question of whether a new trial should be granted rests within the sound discretion of the district court"). In Ford v. United States, 201 F.2d 300, 301 (5th Cir. 1953) the court said:

"Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the disqualification were not previously known to the defendants."

■ We would not hesitate to find prejudice requiring reversal where the claimed disqualification might have adversely affected the challenged juror's ability to decide a case intelligently. For example, if in the present case Mrs. Altman had been unable to understand English, clearly the verdict could not stand. Appellant urges that Mrs. Altman's inability to read falls within the area covered by the rule we have just stated, since many schedules, data summaries, cancelled checks, and tax returns were shown to the jury. These exhibits were pertinent only for the numbers that appeared on them, however, and Mrs. Altman testified at the hearing on defendant's motion that she could read numbers. Moreover the Government's evidence that appellant's tax returns contained substantial understatements of income was virtually uncontested. The defense was largely based on absence of willfulness. It was claimed that he delegated the handling of his tax matters to his wife. None of the documentary evidence was relevant to this aspect of the case. Mrs. Altman could weigh and consider this evidence quite as well as any other juror. The record shows that she had no difficulty at all in understanding the oral testimony. We conclude that defendant was not prejudiced by reason of Mrs. Altman's inability to read and write English.

Appellant's failure to make prompt objection when the facts of Mrs. Altman's situation came to light detracts further from the force of his case since it was still possible, even at that late date, for the judge to take measures to make certain that Mrs. Altman understood all the evidence, such as having read to her any exhibits claimed by defendant to be of critical importance. Also at this point the judge could perhaps have persuaded the parties to accept a verdict of eleven jurors. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

## II.

Appellant objects to the admission against him of evidence resulting from the inspection by the agents of the Internal Revenue Service of closing statements filed with the Appellate Division of the New York Supreme Court, First Department, and with the Judicial Conference of the State of New York. Attorneys in contingent fee cases are required by court rule to file these statements, McKinney's New York Court Rules § 603.4(b) (1970), and the penalty for failure to file is disbarment. Id. § 603.2; N.Y. Judiciary Law § 90(2) (McKinney's Consol.Laws, c. 30, 1968). The required statements show, *inter alia,* the amount of compensation received by the attorney. In Silverman's case, his statements were used by the Government to aid in establishing his gross income. The IRS obtained access to the statements by order of the Presiding Justice of the Appellate Division, First Department, pursuant to McKinney's New York Court Rules § 603.4(c) (1) (1970), which provides:

> "All statements of retainer or closing statements filed shall be deemed to be confidential and the information therein contained shall not be divulged or made available for inspection or examination except upon written order of the Presiding Justice of the Appellate Division."

Appellant argues that the Government's use of these statements violated his fourth amendment right to be free from unreasonable searches and seizures, and his fifth amendment right against self-incrimination. Appellant moved before trial to suppress the statements and all evidence derived from them; this motion was denied by then District Judge Mansfield. United States v. Silverman, 311 F.Supp. 485 (S.D.N.Y.1970).

■ Appellant lacks standing under the fourth amendment to object to the seizure of papers filed with and in the possession of the Appellate Division and the Judicial Conference.

> "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence."

Alderman v. United States, 394 U.S. 165, 171–172, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969). See also Donaldson v. United States, 400 U.S. 517, 522, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), citing First Nat'l Bank of Mobile v. United States, 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796 (1925), aff'g 295 F. 142, 143 (S.D.Ala. 1924); Wong Sun v. United States, 371 U.S. 471, 491–492, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); United States v. Beigel, 370 F.2d 751, 756 (2d Cir.), cert. denied, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989 (1967); Foster v. United States, 265 F.2d 183 (2d Cir.), cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959).

■ Appellant's fifth amendment argument is equally without merit. Records required to be kept pursuant to a reasonable regulatory scheme have "public aspects" and may be examined for evidence of criminal conduct. Shapiro v. United States, 335 U.S. 1, 34, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948); Wilson v. United States, 221 U.S. 361, 380–382, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Stillman v. United States, 177 F.2d 607, 617–618 (9th Cir. 1949); Shushan v. United States, 117 F.2d 110, 117 (5th Cir.), cert. denied, 313 U.S. 574, 61 S.Ct. 1085, 85 L.Ed. 1531 (1941).

Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) are completely inapposite. They involved statutes that were designed to require the confession of a crime. The documents involved here have no relevance to the revelation of criminal conduct. At the time they were filed they did not in-

criminate; they became harmful only after the filing of tax returns that failed to report certain income.

### III.

■■ Appellant urges that reversal is required here because of a variance between the indictment and a bill of particulars supplied by the Government. Certain figures correctly labeled "taxable income" in the indictment were incorrectly labeled "gross income" in the bill of particulars. The real issue is whether there was a fatal variance between the bill of particulars and the proof; since the indictment was correct and since appellant does not claim that the proof and the indictment vary, there is no question of an improper amendment of the indictment. The discrepancy between the bill of particulars and the proof is reversible only if appellant was prejudiced by surprise or was hindered in his preparation for trial. See, e. g., United States v. Glaze, 313 F.2d 757 (2d Cir. 1963). Since the indictment contained the correct figures, appellant had more than ample notice of what the Government intended to prove. Furthermore, the Government supplied defendant with detailed and correct schedules after having served the bill of particulars and months before the trial. In the circumstances the obvious error in the bill of particulars can hardly have hindered appellant in preparing his case.

### IV

■ Appellant's remaining contentions on this appeal are frivolous. His claim that summary schedules prepared by a government agent were given to the jury without a proper instruction as to their use is belied by the record. We long ago upheld the use of such summaries to aid the jury, even if they were not competent evidence in themselves. United States v. Kelley, 105 F.2d 912, 918 (2d Cir. 1939). In the case at bar, the trial judge twice gave clear instructions to this effect when the summaries were offered, and again when the jury asked for them during its deliberations.

■ Appellant claims that the first count of the indictment was barred by the statute of limitations, although since he received concurrent sentences, the success of this contention would have little practical effect. Appellant's tax return for 1961 was filed on or about March 19, 1962, and the indictment was filed April 10, 1968, slightly more than six years later. 26 U.S.C. § 6531(2) (1970) sets a six-year statute of limitations for tax evasion prosecutions, and § 6531 provides: "For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable." 26 U.S.C. § 6513(a) (1970) provides that "any return filed *before* the last day prescribed for the filing thereof shall be considered as filed on such last day" (emphasis added). Thus Silverman's 1961 tax return was deemed filed on April 15, 1962 (see 26 U.S.C. § 6072(a) (1970)) and an indictment filed on April 10, 1968 was timely. United States v. Habig, 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968), cited by appellant, holds only that where a taxpayer files a return *after* the due date, the limitations period begins when the return is actually filed. The rule is inapplicable here.

■ Appellant contends that the trial court committed such "plain error" in charging the jury on the elements of the crime that we should reverse despite appellant's failure to object at the time (see F.R.Crim.Proc. 52(b)). Our consideration of the charge reveals no such error.

Appellant's final contention is that the Government failed to make out a prima facie case. The record presents ample proof of appellant's guilt.

Affirmed.