Beth Ann BUMPUS et al.

v.

**UNIROYAL TIRE CO., DIVISION
OF UNIROYAL, INC.**

Civ. A. No. 72–1372.

United States District Court,
E. D. Pennsylvania.

April 29, 1975.

Edward L. Wolf, Kolsby & Wolf, Philadelphia, Pa., for plaintiffs.

Alan Klein, Drinker, Biddle, Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

■ This products liability case was tried to a jury which returned a verdict in favor of the defendant. Subsequently, by letter dated December 19, 1974, plaintiff's counsel brought into question the qualifications of one of the jurors who had been impanelled in the case, asserting the receipt of information that the juror was not able to read and write the English language. We undertook immediately to review the determination made in accordance with the requirements of Title 28 U.S.C. § 1865 that this particular juror was qualified for jury service. Upon the basis of the information provided by the juror's Juror Qualification Questionnaire and the circumstances in the case, we were satisfied fully that the juror was so qualified. Since, however, the letter from plaintiff's counsel is sufficient in form to constitute a motion (F.R.Civ.P. 7(b)), and the request was made that the Court order a new trial if it should determine that this juror was not qualified for service, we will treat the letter as a post-trial Motion for a New Trial. We will, therefore, formally deny the motion but deem it appropriate to state briefly herein, for the record, our reasons for doing so.

■■ Title 28, U.S.C. § 1865, as part of the Jury Selection and Service Act of 1968, as amended, sets forth the qualifications for jury service.[1] Subsection (b)(2) of the statute deals specifically with the matter at issue. It provides that a person shall be deemed qualified unless he "is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form". 28 U.S.C. § 1865(b)(2). Thus, our inquiry into the ability of this juror to read and write English is limited to an examination of his Juror Qualification Questionnaire. We have done so and find that the form was filled out in a regular and satisfactory manner, and signed by the juror upon his oath. Moreover, the form indicates the specific answer to question No. 10 "Can you read, write, speak and understand the English language?" in the affirmative.

■ Aside from the fact that it clearly appears that this juror was qualified in accordance with the statutory requirements, any challenge now, at the conclusion of trial, is untimely. Title 28 U.S.C. § 1867(c) provides that a motion in a civil case which seeks to question compliance with the Jury Selection and Service Act must be made "before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier . . . ." "The procedures prescribed by this section [28 U.S.C. § 1867] shall be the exclusive means by which . . . a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." 28 U.S.C. § 1867(e). Since, therefore, plaintiff failed to raise the objection at or before voir dire, as is required, his motion, based as it is solely on the provisions of the statute, is precluded.

■ The case of United States v. Silverman, 449 F.2d 1341 (2d Cir. 1971), albeit a criminal case, is in accord. Therein, however, a juror was found to be unable to read and write English, and the Court went on to consider whether some basis other than the statutory requirements would compel the invalidation of the jury's verdict. Even if we were faced with a similar situation here,

1. The purpose of the Act ". . . is to provide improved judicial machinery for the selection, without discrimination, of Federal grand and petit juries. Its aim is to assure all litigants that potential jurors will be selected at random from a representative cross section of the community and that all qualified citizens will have the opportunity to be considered for jury service." 1968 U.S.Code Cong. and Adm.News, p. 1792.

we would conclude that there is no reason for granting a new trial.

"The inclusion in the panel of a disqualified juror does not require [the granting of a new trial] unless there is a showing of actual prejudice. (citations omitted)." United States v. Silverman, supra, at 1344. The instant case was based almost entirely on oral testimony, and the issues which the jury was called upon to resolve depended solely on the credibility of the witnesses and an examination of the physical appearance of the alleged defective product. There was little, if any, documentary evidence to be considered. It seems certain, therefore, that the inability to read and write the English language on the part of any juror could not have affected the deliberations of this jury in any significant way. In addition, the juror in question was subjected to voir dire examination, and certainly, any disability he may have had in understanding the language would have been readily apparent. Accordingly, the Court can find no possible basis whereby plaintiff was prejudiced by the presence on the jury of a juror who may have been unable to read and write English any more proficiently than required by the Statute we have already considered.

## ORDER

AND NOW, this 29th day of April, 1975, for the reasons stated in the foregoing Memorandum, Plaintiff's Motion for a New Trial is hereby Denied.