**UNITED STATES of America**

v.

**David Lloyd NICKENS.**

**Crim. No. 89–0080 GG.**

United States District Court, D. Puerto Rico.

Dec. 7, 1989.

Daniel F. Lopez–Romo, U.S. Atty., and Rosa E. Rodriguez–Velez, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Rafael F. Castro Lang, San Juan, P.R., for defendant.

## ORDER

GIERBOLINI, District Judge.

Now pending before us are two motions and a supplementary brief filed by defendant David Lloyd Nickens requesting a new trial. In his original motion defendant contends that two of the jurors who participated in the present case and convicted defendant were stricken for cause during

the jury selection in Criminal Case No. 88–0253 because of their inability to speak or understand the English language. Defendant's supplementary motion for new trial is based on the recent United States Supreme Court decision in *Gómez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) which held that jury selection in felony trials is not among the "additional duties" that the Federal Magistrates Act permits federal courts to delegate to magistrates without the defendant's consent. The government has filed a response to both motions.

■ It is axiomatic that a defendant who fails to challenge a juror during *voir dire* waives that challenge, absent clear injustice. *United States v. McNeill*, 728 F.2d 5 (1st Cir.1984); *United States v. Cepeda–Penes*, 577 F.2d 754, 759 (1st Cir.1978); *Thornburg v. United States*, 574 F.2d 33 (1st Cir.1978). We do not find that defendant has brought himself within the "clear injustice" exception which would allow defendant to challenge the qualification of a juror after trial has concluded.

During the *voir dire* examination of the potential jurors in this case, each juror was questioned by the undersigned in English, with an eye to their proficiency in spoken English as well as their ability to understand the questions posed in English. Their proficiency and fluency in English were clearly established. No specific challenges were made to any jurors nor was there any indication that any of them had an inability to sufficiently understand the English language. None of the jurors informed the court during the trial in the instant case of any difficulty in understanding the proceedings. *Cf. United States v. Silverman*, 449 F.2d 1341 (2d Cir.1971), *cert. denied*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972). Likewise, after an extensive *voir dire* had been conducted and counsel had the opportunity to listen to the answers given by the jurors and to observe their demeanor, no challenge was made at that time.

It is possible in this district for prospective jurors confronted with participation in the trial of a case which might last two or three months, like the one to which defendant is making reference, to attempt to down play their proficiency in English in order to be excused.

There is a "strong policy against the too-ready impeachment of jury verdicts on the basis of ... afterthoughts suggested by a disappointed litigant." *Peterman v. Indian Motorcycle Co.*, 216 F.2d 289, 293 (1st Cir.1954); *United States v. Cepeda–Penes, supra.* We find that counsel waived whatever objection may have been properly raised at the time of *voir dire.* In so doing, we adopt the reasoning in *United States v. Cepeda–Penes.*

The nature of the dual language requirement in Puerto Rico, the fact that Puerto Rican defense counsel are well aware of the problems in juror selection, and sound policy regarding finality of verdicts in the absence of strong reasons to impeach such verdicts, all point to our disposition of the matter. The defense bar in the Puerto Rico federal courts, as elsewhere, should be on notice that they must make timely objections to matters that are properly raisable during the trial. In the absence of a timely objection, a later occurrence will not be ground for relief "unless it is clear that there has been manifest injustice." *Id.* at 759. Thus, the motion for retrial on this ground must be denied.

■ Finally, defendant asserts that he is entitled to a new trial because the magistrate presided over the jury selection in the instant case, a practice which was later discarded by the Supreme Court in *Gómez.*

After a jury trial on May 17, 1989, defendant was found guilty on a three-count indictment for violation of 21 U.S.C. §§ 841(a)(1), 952(a) and 955. Thereafter, on June 12, 1989, the Supreme Court in a unanimous decision held that Congress did not intend the task of presiding over jury selection to be one of the additional duties the federal court could assign to the magistrate under the Federal Magistrates Act.

In the instant case defendant has admitted and the record so reflects, that he did not object to the use of the magistrate for selection of the jury. Unlike the defen-

dants in *Gómez*, defendant here failed to register any objection before the magistrate and expressed to the undersigned that he had no objection to the manner or procedure used to select the jury. The following coloquy occurred at the beginning of the trial:

THE COURT: Are the parties ready?

MS. RODRIGUEZ: Yes, the Government is ready to proceed.

MR. CASTRO: Yes, we are ready.

THE COURT: Let the record show my appreciation to Magistrate Justo Arenas for presiding over the selection of the jury. Any objection of the parties as to the method or procedure used by the Magistrate to select the jury together with you?

MR. CASTRO: On behalf of the defendant, Your Honor, we have absolutely no objection whatsoever.

*See* Transcript of May 15, 1989 at page 3.

Although the magistrate conducted the *voir dire*, defendant's proposed questions were posed to the panel of prospective jurors. Moreover, during the jury selection process, the undersigned was available in his chambers—which are adjacent to the courtroom where the *voir dire* was being conducted—to rule upon any appeal by defendant from a ruling of the magistrate during the *voir dire*. No appeal was ever taken.

In *Gómez*, the magistrate gave the jury a number of preliminary instructions, including the presumption of innocence and the different burdens of persuasion in civil and criminal trials. In the instant case, following the strictures of *United States v. Rivera–Solá*, 713 F.2d 866 (1st Cir.1983),

the undersigned, and not the magistrate, gave the jury the preliminary instructions.

Further, the Court in *Gómez* declined to establish a *per se* rule as to its harmless-error analysis and limited its ruling to the facts therein. Thus, it concluded that "harmless-error analysis does not apply in a felony case in which, *despite the defendant's objection* and without any meaningful review by a district judge, an officer exceeds his jurisdiction by selecting a jury." *Id.*, 109 S.Ct. at 2248 (emphasis added). This holding, however, leaves open the question of whether in the absence of any objection to the use of a magistrate— as in this case—for the selection of a jury, the harmless-error analysis would apply. That was precisely the issue decided in *United States v. Rivera–Solá, supra,* which is binding upon this court, where the selection of the jury was delegated to the magistrate and the defendant never objected to such use of the magistrate. Since Rivera–Solá did not object, it was held that he waived his right to object and the court reviewed only for plain error. Fed.R. Crim.P. 52(b). In so doing, the court found that Rivera–Solá failed to show any prejudice from the procedure followed. *Id.* at 874. Likewise, defendant Nickens did not object to the use of the magistrate and he has not demonstrated any prejudice from the procedure followed. Moreover, we find that the procedure followed in this case did not impair the jury's truth-finding function and thus, does not raise serious questions about the accuracy of the guilty verdict. *Cf. Williams v. United States*, 401 U.S. 646, 653, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).[1]

---

**1.** After the completion of this order, the United States Court of Appeals for the First Circuit issued an opinion in *United States v. López–Peña, et al,* 890 F.2d 490 (1st Cir.1989) which dealt with the applicability of *Gómez* in a case pending on direct appeal, such as the instant one. Although the court ruled that *Gómez* applies to such a case, it proceeded to consider whether the defendants, not having objected below, could be heard on the basis of plain error. After an extensive analysis, the court held that since the assigned error was not preserved and could not be said to have seriously affected the

fairness, integrity or public reputation of defendants' trial nor the accuracy of the guilty verdict, it was not plain. The court found that there were no special circumstances warranting a departure from the raise-or-waive rule. Thus, it concluded that since the appellants had not shown cause sufficient to excuse the lack of a contemporaneous objection, or prejudice flowing from the magistrate's selection of the jury, their motions to remand the cases and dismiss the indictment must be denied. Faced with the same issue, we reach the same conclusion.

**1410**

Wherefore, for the reasons stated above, defendant's motion for new trial is hereby DENIED.

SO ORDERED.