J-S41038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

PATRICIA E. GADALETA

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 373 EDA 2014

Appeal from the Judgment of Sentence November 30, 2012
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000285-2011

BEFORE:  BOWES, J., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 04, 2014**

Appellant, Patricia E. Gadaleta, appeals from the November 30, 2012 aggregate judgment of sentence of 18 to 60 months' incarceration, imposed following her conviction by a jury of identity theft, and two counts of forgery.[1]  After careful review, we affirm.

The trial court, in its March 17, 2014 memorandum opinion, has aptly summarized the factual and procedural history of this case, which we need not repeat in full here.  In brief, Appellant was charged on September 19, 2011, with the aforementioned charges plus receiving stolen property and

_____

[1] 18 Pa.C.S.A. §§ 4120(a), 4101(a)(3), and 4101(a)(2), respectively.  The trial court ordered Appellant's sentence to run consecutively to a sentence imposed the same day at trial court docket number CP-13-CR-0000975-2011.  This Court affirmed the judgment of sentence at CP-13-CR-0000975-2011 at **Commonwealth v. Gadaleta**, 3502 EDA 2012 (unpublished memorandum, November 6, 2013), **appeal denied**, 955 MAL 2013 (Pa. May 28, 2014).

proceeded to a jury trial on May 11, 2012. Following the jury's guilty verdict, Appellant filed post-trial motions, seeking judgment of acquittal as to the receiving stolen property charge and seeking a mistrial on the basis of the jury foreperson's alleged disqualification, discussed *infra*. The trial court conducted a hearing on the motions on November 16, 2012, and granted the motion for judgment of acquittal as to count three, receiving stolen property, but denied Appellant's motion for mistrial. Subsequently, the trial court sentenced Appellant on November 30, 2012. Appellant filed timely post-sentence motions on December 10, 2012. Subsequently, Appellant filed a premature appeal, which this Court quashed and remanded for disposition of Appellant's post-sentence motions. **Commonwealth v. Gadaleta**, 3501 EDA 2012 (unpublished memorandum, November 6, 2013). After remand, the trial court denied Appellant's post-sentence motions on January 8, 2014. Appellant filed a timely notice of appeal on January 23, 2014.[2]

On appeal, Appellant raises the following questions for our review.

> 1. Did trial counsel interfere with [Appellant's] ability to defend herself at trial by advising her that her criminal record would be used against her without having filed a pre-trial motion to determine the admissibility of such record and by advising her that her prior convictions would be used against her at trial and that she could not take the stand without being prejudiced by the prior convictions and fail to explain to defendant that the crimes could only

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

be used under the circumstances set forth in 42 Pa. C.S. § 5918(c) **Commonwealth v. Garcia**, 551 Pa. 616, 712 A.2d 746 (1998)?

2. Should [Appellant's] sentence be modified because the sentences imposed in 285 CR 2011 and 975 CR 2011 when imposed consecutively are excessive and do not represent a sentence that is a just punishment or reflects the rehabilitative needs of the defendant?

3. Did the court err in failing to grant [Appellant] a new trial because the jury foreman was unable to fully understand the evidence because he is illiterate?

Appellant's Brief at 6.

Appellant's first issue raises a claim of ineffectiveness of trial counsel.[3] Under the standard and for the reasons set forth by the Honorable Joseph J. Matika, in his erudite March 17, 2014 opinion, we agree Appellant's ineffectiveness of counsel claims are premature and should properly be raised, if necessary, in a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We additionally note, our Supreme Court recently reaffirmed the holding of **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) in **Commonwealth v. Holmes**, 79 A.3d 562, (Pa. 2013). Therein the Court held "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of

_____

[3] In her appellate brief, Appellant combined the first two issues presented in her Rule 1925(b) concise statement of errors complained of on appeal into a single question. The trial court discussed both sub-issues together in its Rule 1925(a) opinion.

ineffectiveness upon postverdict motions; and such claims should not be reviewed upon direct appeal." *Id.* at 576. The **Holmes** Court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, holding "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, of "multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights…." *Id.* at 577-578.

Instantly, Appellant's assertion, citing **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003), that the Commonwealth and the trial court were obligated to develop a complete record on her ineffective assistance of counsel claim because she presented it in a timely post-sentence motion is unsupported. Appellant's Brief at 13. **Bomar**, to the extent it had continuing validity at the time of Appellant's sentencing, permitted review on direct appeal of a claim of ineffective assistance of counsel if the trial court made a determination based on a fully developed record. *Id.* at 855. It decidedly did not obligate a trial court to require development of the record or to make a determination. Accordingly, we agree with the trial court that Appellant's first issue is premature and decline to address the merits.

In her next issue, Appellant challenges the trial court's imposition of the instant sentence consecutively to the sentence imposed at trial court

docket number CP-13-CR-0000975-2011. Appellant's Brief at 16. Appellant argues, "the trial court used as its reason for [the] sentence imposed as only the seriousness of the offense and the societal impact without considering the other factors set forth in the statutes." *Id.*

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (internal quotations and citations omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

> The Rules of Appellate Procedure mandate that to obtain review of such claims, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. **See** [**Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007)]; **see also** Pa.R.A.P. 2119(f). The defendant's Concise Statement must, in turn, raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. **See** [**Commonwealth v. Fiascki**, 886 A.2d 261, 263 (Pa. Super. 2005)]; **Commonwealth v. Ousley**, 392 Pa.Super. 549, 573 A.2d 599, 601 (1990) (citations and internal quotation marks omitted) ("[A]ppeals from the discretionary aspects of sentence are not to be granted as a matter of course, but ... only in exceptional circumstances where it can be shown in the 2119(f) statement that despite the multitude of factors impinging on the sentencing decisions, the sentence imposed contravenes the sentencing code.") The determination of whether a particular issue poses a substantial question is to be made on a case-by-case

basis. *See Fiascki*, 886 A.2d at 263. If the Rule 2119(f) statement is absent or if the statement provided fails to demonstrate a substantial question, this Court may refuse to accept the appeal. *See id.*

*Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011).

Instantly, Appellant preserved her issue in her post-sentence motion and included a Rule 2119(f) statement in her appellate brief. Appellant attempts to couch her issue in the guise of the trial court's alleged failure to comport with sentencing norms by "not tak[ing] into consideration the rehabilitative needs of [Appellant]." Appellant's Brief at 10. Appellant's argument, however, reduces the issue to a mere one-paragraph assertion that the trial court erred in imposing the subject aggregate sentence consecutively to a second sentence Appellant received the same day at docket number CP-13-975-CR-2011 without considering Appellant's rehabilitative needs. *Id.* at 15. This fails to raise a substantial question.

> [A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171–172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, the sentence was within the standard range of the guidelines and the trial court imposed the sentence after a full hearing and consideration of Appellant's pre-sentence report. Appellant offers no development in her brief of any extreme circumstances particular to this case that could raise a question of abuse of the trial court's discretion. This Court has long recognized that we will not consider issues where Appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). Further, we agree with the trial court's disposition of this issue, as expounded in its March 17, 2014 opinion, wherein it explains why the particularized sentence entered in this case was appropriate, how it considered all the statutory factors including Appellant's rehabilitative needs, and how the specific circumstances of Appellant and the instant offenses warranted the sentence imposed. Trial Court Opinion, 3/17/14, at 11-13.

In her final issue, Appellant argues that the trial court erred in denying her motion to declare a mistrial, alleging the jury foreperson was not a qualified juror. Appellant's Brief at 17. Instantly, when reading the jury's verdict, the foreperson verbally stumbled and stated he was "slightly

illiterate." Trial Court Opinion, 3/17/14, at 2, *quoting* N.T., 5/11/12, at 205.

Subsequently, Appellant filed a motion for mistrial.[4]

>    Our standard of review of a court's denial of a
>    motion for mistrial is as follows:
>
>>       A motion for a mistrial is within the
>>       discretion of the trial court. A mistrial upon
>>       motion of one of the parties is required only
>>       when an incident is of such a nature that its
>>       unavoidable effect is to deprive the appellant
>>       of a fair and impartial trial. It is within the trial
>>       court's discretion to determine whether a
>>       defendant was prejudiced by the incident that
>>       is the basis of a motion for a mistrial. On
>>       appeal, our standard of review is whether the
>>       trial court abused that discretion.

*Commonwealth v. Akbar*, 91 A.3d 227, 236 (Pa. Super. 2014), *quoting*

*Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003) (internal

citations and footnote omitted).

_____

[4] Pennsylvania Rule of Criminal Procedure 605 provides as follows.

### Rule 605. Mistrial

>                    …
>
>    (B) When an event prejudicial to the defendant
>    occurs during trial only the defendant may move for
>    a mistrial; the motion shall be made when the event
>    is disclosed. Otherwise, the trial judge may declare
>    a mistrial only for reasons of manifest necessity.

Pa.R.Crim.P. 605(B). Because we discern no error or abuse of discretion in the trial court's determination that the foreperson was not an ineligible juror, we do not address the concern of whether Appellant's motion for mistrial was timely. *See Commonwealth v. Boring*, 684 A.2d 561, 567-568 (Pa. Super. 1996), *appeal denied*, 689 A.2d 230 (Pa. 1997).

Appellant references Section 4502 of the Judicial Code, which provides as follows.

**§ 4502. Qualifications of jurors**

**(a) General rule.--**Every citizen of this Commonwealth who is of the required minimum age for voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:

(1) is unable to read, write, speak and understand the English language;

…

42 Pa.C.S.A. § 4502(a)(1).

Appellant argues that the trial court not only erred in denying its motion for mistrial, but should have acted *sua sponte* when it became apparent there was a question of the foreperson's qualification. Appellant's Brief at 24.

> [The trial court] should not have allowed the reading of the Verdict Sheet to go forward and for any verdict to be returned in the case. Rather, some type of inquiry should have been undertaken to ascertain whether or not the foreperson truly could understand, comprehend and analyze the evidence, understand the law as dictated by this Court and truly arrive at an independent judgment concerning guilt or innocence of the Defendant. However, the Defendant reiterates her proposition that even if such inquiry had been undertaken, there simply is no way in which this Court could have concluded that the foreperson should have been entrusted with the responsibility of being a fact-finder in this case in light of the obvious inability of the foreperson to read even a single word appearing on the Verdict Sheet.

*Id.* at 22.[5]

In response to Appellant's motion the trial court conducted a hearing at which the trial court carefully performed a colloquy of the foreperson and determined that the foreperson, although able to read only at an 8th grade level, was able to independently review, understand, evaluate and determine the evidence and issues presented in this case. Trial Court Opinion, 3/17/14, at 15-16. Accordingly, the foreperson was not a disqualified juror under 42 Pa.C.S.A. § 4502(a)(1).

> Further, even if appellant could show that a disqualified juror sat on his case, he has not identified any prejudice, and we will not, as urged by appellant, assume prejudice for the sake of … fairness. **Commonwealth v. Delligatti**, 371 Pa.Super. 315, 538 A.2d 34 (1988) (appellant fails to state how court's refusal to conduct individual voir dire prejudiced him); **see also United States v. Silverman**, 449 F.2d 1341 (2d Cir.1971) (inclusion in panel of a disqualified juror does not require reversal of a conviction unless there is a showing of actual prejudice).

**Commonwealth v. Bullock**, 558 A.2d 535, 537-538 (Pa. Super. 1989) (internal quotation marks and some citations omitted), *appeal denied*, 575 A.2d 561 (Pa. 1990). Accordingly, we conclude the trial court did not abuse its discretion in denying Appellant's motion for a mistrial.

_____

[5] Appellant has not alleged any error in connection with jury selection or the *voir dire* of the jury. Appellant has not asserted that the foreperson misled or was dishonest to the court relative to his ability to read. **See e.g.**, **Commonwealth v. Kelly**, 609 A.2d 175 (Pa. Super. 1992) (finding *per se* prejudice where empanelled juror lied in *voir dire* about having a prior record), *appeal denied*, 617 A.2d 1272 (Pa. 1992)

After careful review, we conclude that the trial court's March 17, 2014 Rule 1925(a) opinion fully sets forth Appellant's claims, identifies the proper standard of review, discusses the relevant law and explains the basis for its conclusion that said claims lack merit. Instantly, we carefully reviewed the entire record and Appellant's arguments and we conclude that the thorough and well-reasoned opinion of Judge Joseph J. Matika is in concert with our own views as addressed above. We conclude the trial court did not abuse its discretion when it denied Appellant's post-trial motion for mistrial or her post-sentence motion, requesting reconsideration of sentence and raising premature issues of ineffective assistance of trial counsel. Accordingly, we adopt the opinion by the Honorable Joseph J. Matika as our own for purposes of further appellate review. *See* Trial Court Opinion, 3/17/14.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2014

- 11 -

# IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
            vs.                       :    No. 285 CR 2011
                                      :
PATRICIA E. GADALETA,                 :
        Defendant/Appellant           :

Jean A. Engler, Esquire                    Counsel for Commonwealth
                                           Assistant District Attorney
Kent D. Watkins, Esquire                   Counsel for Defendant

## MEMORANDUM OPINION

Matika, J. - March 17, 2014

The Defendant, Patricia E. Gadaleta, has appealed from the judgment of sentence imposed on November 30, 2012, raising several issues outlined in her Concise Statement filed in response to this Court's Pennsylvania Rule of Appellate Procedure 1925 Order of January 24, 2014. This Memorandum Opinion is filed in accordance with Pennsylvania Rule of Appellate Procedure 1925(a).

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant was charged with one count of identity theft, a violation of 18 Pa.C.S.A. § 4120(a), one count of theft by unlawful taking, a violation of 18 Pa.C.S.A. § 3921(a), one count of theft by deception, a violation of 18 Pa.C.S.A § 3922(a)(2), one count of theft by receiving stolen property, a

[FM-17-14]

1

violation of 18 Pa.C.S.A § 3925(a), and two counts of forgery with one count being a violation of 18 Pa.C.S.A. § 4101(a)(3) and the other count a violation of 18 Pa.C.S. § 4101(a)(2). A trial by jury was held on May 11, 2012, after which the jury returned guilty verdicts on the identify theft, theft by deception, and forgery charges.[1] However, in reading the verdict, the Jury Foreperson had difficulty, and at times was assisted in the pronunciation of common words by both the Clerk of Courts and the Court itself. The Jury Foreperson readily admitted that he was "slightly illiterate." (N.T. 5/11/12, at 205-207). As a precaution, and at the request of the Defendant's trial counsel, the Court questioned the jury as a whole to see if any juror disagreed with the recitation of the verdict slip in finding the Defendant guilty on the four charges. None of the jurors indicated that they disagreed with the verdict of guilty on these four remaining counts. (N.T. 5/11/12 at 209).

After the conclusion of the trial, Defendant filed timely post-trial motions and then a supplemental post-trial motion, requesting, in the alternative, a mistrial, a new trial, or to set aside the verdict based on the perceived difficulty of the

---

[1] On the first day of trial, the Commonwealth withdrew count two, theft by unlawful taking, (N.T. 5/10/12, at 3-4), and at the conclusion of the Commonwealth's case-in-chief, the Court granted Defendant's motion to dismiss count four, theft by receiving stolen property. (N.T. 5/11/12, at 136-138).

Jury Foreperson to not only read the verdict, but understand and comprehend the testimony and evidence present during trial. Further, Defendant filed a motion for judgment of acquittal as to the theft by receiving stolen property charge, identified as count three on the information, on the basis that the evidence submitted was insufficient to sustain the guilty verdict rendered against her.

Initially, argument was held on all the motions; however, the Court determined that it was necessary to conduct an evidentiary hearing in regards to the Jury Foreperson issue, said hearing being conducted on November 16, 2012.[2] At the hearing, the Jury Foreperson testified that he can read and understand the spoken words of the English language, and fully understood every document presented at trial. The Jury Foreperson attributed his difficulty in reading the verdict slip to him being nervous. (N.T. Special Relief Hrg. 11/16/12 at 7).

On November 30, 2012, this Court held sentencing in this matter.[3] Prior thereto, the Court issued an order granting Defendant's motion for judgment of acquittal as to the theft by deception charge, identified as count three on the information,

___

[2] The hearing was delayed until November as Defendant's trial counsel had filed a petition to withdraw as counsel, which the Court granted and thereafter appointed new counsel for the Defendant. However, Defendant's new counsel was unavailable until this date.

[3] Sentencing in this case occurred simultaneously with sentencing in another case, docket number 975-CR-2011, on charges that the Defendant was convicted of at a trial subsequent to the trial in this case.

[FM-17-14]

3

while denying the remaining motions relating to the Jury Foreperson matter.

At sentencing, the Court had available to it a pre-sentencing investigation report that the Court reviewed in anticipation of sentencing and that was made a part of the record.

Defendant, at the time of sentencing, was fifty-five years old with a significant criminal history that spanned a twenty-three year period, starting in 1995 and continuing through 2008. Within this twenty-three year time period Defendant has twelve convictions. Based upon Defendant's criminal history, as of the time of sentencing, she had accrued a prior record score of three. As such, the standard guideline ranges for each of the three remaining offenses that the Court was to sentence her on were as follows: 1) identify theft: six to sixteen months; 2) forgery [(a)(2)]: three to fourteen months; and 3) forgery [(a)(3)]: restorative sanctions to less than twelve months.

Defendant's criminal history consisted of virtually the same types of deceptive crimes as those she was being sentenced on in this case. As a result, the Court imposed the following sentences for each of the remaining offenses Defendant was convicted of: 1) identify theft, labeled as count one on the information: not less than twelve months nor more than forty-eight months in a state correctional institution with credit for

six hundred twenty-one (621) days of time served; 2) forgery, identified as count five of the information: not less than six months nor more than twelve months in a state correctional institution to run consecutive to the sentence on count number one of the information; and 3) forgery, identified as count six of the information: not less than six months nor more than twelve months in a state correctional institution to run concurrent to the sentence imposed on count number five in this matter. Therefore, the total sentence in this case was for a period of incarceration in a state correctional institution of not less than eighteen months nor more than sixty months.[4] The sentence imposed on the case indexed to number 985-CR-2011, was to run consecutive to this sentence.[5]

The rationale for the sentences, as stated at the sentencing hearing, includes the Defendant's lack of remorse and her obvious criminal history that contains numerous convictions involving crimes of deception, deceit, and fraud. The Court also took into consideration the financial impact Defendant's conduct had on the credit of the victim, Patricia A. Gadaleta.

On December 10, 2012, Defendant filed post-sentencing motions. However, before the Court had an opportunity to

---

[4] This was the first case Defendant was sentence on that day.

[5] At the time of sentencing, the Court gave the Defendant and her counsel an opportunity to address the Court which the Defendant chose not to do.

address said motions, Counsel for the Defendant filed a timely appeal. Accordingly, because jurisdiction of this Court was divested by Defendant's appeal, this Court asked the Appellate Court to quash Defendant's appeal so that this Court could properly address Defendant's post-sentence motions.

After the Superior Court granted this Court's request in quashing Defendant's appeal and relinquishing jurisdiction, this Court heard Defendant's post-sentencing motions on December 9, 2013. Following a hearing on Defendant's motions, the Court denied all three motions on January 8, 2014.[6] Thereafter, on January 23, 2014, Defendant filed a notice of appeal with her Concise Statement being filed on February 21, 2014.

Defendant, in her Concise Statement raises four issues, with three of the four issues raised on appeal being identical to those issues Defendant argued in her post-sentencing motions. These issues are:

1) That trial counsel interfered with defendant's ability to defend herself at trial by advising her that her criminal record would be used against her without having filed a pre-trial motion to determine the admissibility of such record and by advising her

_____

[6] Two of the three post-sentence motions were in essence ineffective assistance of counsel claims, which this Court ruled were claims better raised in a Post Conviction Relief Act proceeding. Defendant's other post-sentencing motion was a challenge to the sentence. For the reasons briefly stated within this Court's Order dated January 24, 2014, and further explained in this memorandum opinion, the Court denied Defendant's third post-sentencing motion.

that her prior convictions would be used against her at trial and that she could not take the stand without being prejudiced by the prior convictions;

2) That trial counsel failed to explain to defendant that the crimes could only be used under the circumstances set forth in 42 Pa C.S. § 5918(c) *Commonwealth v. Garcia*, 551 Pa. 616, 712 A.2d 746 (1998);

3) That the defendant's sentence should be modified because the sentences imposed in 285 CR 2011 and 975 CR 2011 when imposed consecutively are excessive and do not represent a sentence that is a just punishment or reflects the rehabilitative needs of the defendant; and

4) That the court erred in failing to grant defendant a new trial because the jury foreman was unable to fully understand the evidence because he is illiterate.

The fourth issue raised on appeal is based upon this Court's Order dated November 30, 2012, denying Defendant's request for a new trial predicated on the Jury Foreperson's perceived illiteracy. Accordingly, this Court asks the Appellate Court to affirm this Court's decisions on both Defendant's post-trial and post-sentencing motions.[7]

---

[7] This Court's Order dated November 30, 2012, denying Defendant's request for a new trial based upon the Jury Foreperson's perceived illiteracy issue was in response to Defendant filing a "Post-Trial Motion." The Defendant raised her ineffective assistance of counsel claims and an objection to the sentence in a post-sentencing motion.

## DISCUSSION

### I. & II. INEFFECTIVE ASSISTANCE TO COUNSEL

Defendant's first two issues raised on appeal are in essence Sixth Amendment ineffective assistance of counsel claims. Defendant argues in her Concise Statement that her trial counsel erroneously advised her about the Commonwealth's ability to incriminate Defendant with her criminal record if she were to testify. Defendant, in her Concise Statement, cites to 42 Pa.C.S.A § 5918, which explains the examination of a defendant as to other offenses. Without passing judgment as to the merits of Defendant's two issues raised, this Court finds that such matters are raised prematurely and are more appropriately raised under the Post Conviction Relief Act (PCRA). *See, Commonwealth v. Grant,* 813 A.2d 726 (Pa. 2002)(holding that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738); *Commonwealth v. Spotz,* 870 A.2d 822, 837 (Pa. 2005); *Commonwealth v. DeJesus,* 880 A.2d 608, 610-11 (Pa. 2005); *Commonwealth v. May,* 887 A.2d 750, 757-58 (Pa. 2005). Consequently, since Defendant's first two issues are in actuality ineffective assistance of counsel claims, such issues are more appropriately raised in a Post Conviction Relief Act proceeding and should be dismissed without prejudice to allow

[FM-17-14]
8

Defendant to raise in a later proceeding.

## III. EXCESSIVE SENTENCE

Defendant appeals this Court's sentences imposed upon her, claiming said sentences are excessive and are not just given the rehabilitative needs of the Defendant. This issue raised by the Defendant is one challenging the Court's discretion in imposing consecutive sentences.[8] *Commonwealth v. Marts*, 889 A.2d 608, 611 (Pa. Super. Ct. 2005) (holding that a challenge to a court imposing consecutive sentences is in essence a challenge to the discretionary aspect of that sentence). In *Commonwealth v. Pass*, 914 A.2d 442 (Pa. Super. Ct. 2006), the Superior Court articulated the principle stated in 42 Pa.C.S.A. § 9721 that affords sentencing courts discretion to impose a sentence concurrently or consecutively to other sentences currently being imposed, or such sentences already imposed. "Any challenge to the exercise of the discretion ordinarily does not raise a substantial question." *Pass*, 914 A.2d at 446-47.

When such a challenge is raised on appeal, the first issue an appellant needs to address is how the sentence is not appropriate under the Sentencing Code. Pennsylvania Rule of Appellate Procedure 2119 (f) states:

[a]n appellant who challenges the discretionary

---

[8] The Court is unsure as to whether the Defendant is arguing the consecutive aspect of the sentences in each case or on the individual charges, thus the Court will address both scenarios.

aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

As here, where the claim is one of an excessive sentence, the Defendant must articulate how the sentence violates either a specific provision of sentencing set forth in the Sentencing Code, or a "particular fundamental norm underlying the sentencing process." *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002) (plurality opinion).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.*, at 1128 (citations and quotation marks omitted).

Further, the Mouzon Court suggested that appellate courts should give great weight and deference to the discretion of the sentencing court as the lower court has the best opportunity and is in the best position to evaluate the circumstances surrounding the defendant as it relates to sentencing, and in particular her character, display of any remorse, defiance, or

indifference. *Id.* (citing *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. Ct. 1997)).

In this case, the three sentences imposed on the three counts involved in this case were all within the standard guideline ranges for each particular offense. This Court ran the sentences on the two forgery counts concurrent but consecutive to the identify theft charge. The Court's rationale for such is simple: the Defendant had committed a number of separate and distinct violations of the law in relation to a number of different victims, namely, Patricia A. Gadaleta, the Pennsylvania Department of Transportation, and Lehigh Valley Health Network. While the Court considered the forgeries to be related acts intended to defraud or injure others, the identify theft was the culmination of all the Defendant's actions to achieve her goal of deception in obtaining a motor vehicle in the name of Patricia A. Gadaleta.

In her Concise Statement, Defendant suggests that the sentence imposed in this case does not represent a sentence that "is a just punishment or reflects the rehabilitative needs of the Defendant." The Court finds that these sentences in this particular case are just punishment in light of the impact Defendant's conduct had on the victim's life, and the fact that Defendant's conduct has been seemingly repetitious since 1995. Based upon Defendant's past criminal conduct, it is evident that

no term of incarceration will sufficiently punish the Defendant in light of her continued violation of the law as the conduct of Defendant in this case occurred while she was on state parole. Additionally, the Defendant's lack of remorse substantiates the notion that no matter the sentence, rehabilitation is not in her future as she fails to acknowledge the severity of her actions and its impact on society.

Lastly, the Court addresses the issue of the consecutive nature of the accumulative sentences imposed on this case as it relates to the accumulative sentences imposed in case indexed 975-CR-2011.[9] As previously stated, Defendant's conduct in the two cases, while of the same *modus operandi*, occurred at different times and involved different victims. Accordingly, the rationale this Court employed to address consecutive sentences involved in two separate cases is the same rationale this Court employed to justify the consecutive sentences imposed upon the Defendant as it relates to the identify theft and forgery convictions involved the same case. No "volume discount" will be afforded for different convictions. *See, Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. Ct. 1995).

Defendant has presented no argument that the sentence

---

[9] As previously stated, the Court is unsure if Defendant is arguing the consecutive nature of the charges for which she was convicted or the consecutive sentences imposed on the two different cases. In this case the Court dealt only with the former as the sentence imposed in the other case ran consecutive to, and imposed after the sentence in this case.

imposed violates the Sentencing Code or represents a deviation from the norms underlying the sentencing process, nor is unreasonable or manifestly excessive.

## IV. JURY FOREPERSON

Defendant's final issue raised on appeal challenges this Court's Order dated November 30, 2012, denying her post-trial motion for a new trial, the basis of which is the perceived illiteracy of the Jury Foreperson. At the conclusion of Defendant's trial, the Jury Foreperson was instructed by the Court to stand up and read the Jury's verdict. In claiming he was having difficulty reading the verdict, the Jury Foreperson stated he is "slightly illiterate." As such, the Clerk of Court and the undersigned aided the Jury Foreperson in reading the verdict in open court. After Defendant filed her post-trial motion seeking a new trial based upon the Foreperson's self-proclaimed semi-illiteracy, the Court held a hearing to determine if the perceived illiteracy of the Foreperson prevented him from properly deliberating on the evidence present at trial and thus abridging Defendant's fundamental right of due process.

At the hearing, the Jury Foreperson stated he reads on an eighth grade reading level but that he has no issues or difficulty understanding the English language. The Foreperson went on to proclaim that the reason he struggled reading the

[FM-17-14]

13

verdict was that he was nervous as he had to stand in open court and announce the verdict. When he was asked pointedly if he understood everything that was stated during the trial and comprehended what was written, the Jury Foreperson sternly replied "perfectly." (N.T. Special Relief Hrg. 11/16/12 at 5-8).

In this Commonwealth every citizen who is of the required minimum age to vote for state or local officials and resides in the county, is qualified to serve as a juror unless such citizen "is unable to read, write, speak and understand the English language." 42 Pa.C.S.A § 4502(a)(1). Although not binding, this Court finds the case *United States v. Silverman*, 449 F.2d 1341 (2d Cir. 1971) to be very persuasive and dispositive of the issue presented in Defendant's challenge to the Jury Foreperson's qualifications to serve as a juror. In *Silverman*, the Second Circuit Court of Appeals stated that "the inclusion in the panel of a disqualified juror does not require reversal of a conviction unless there is a showing of actual prejudice." *Id.* at 1344. Prejudice exists, and thus requires the court to reverse a conviction, where the claim of a disqualified juror based on his or her inability to fairly, adequately, and intelligently deliberate on the evidence presented at trial adversely affected the defendant. *Id.*

In *Silverman*, the defendant was convicted of five counts of

[FM-17-14]
14

attempted income tax evasion. The evidence presented by the Government was defendant's tax returns for the calendar years of 1961 through 1965. Defendant challenged his conviction as illegal claiming one of the jurors on the panel that convicted him could not read or write English, and thus the juror could not adequately deliberate upon the evidence. The Appellate Court, in denying defendant's appeal, reasoned that the majority of the exhibits presented at trial were presented in conjunction with oral testimony and pertinent only to the numbers to which the juror had no difficulty in understanding oral testimony. *Id.*

Similarly, in the present case, the Jury Foreperson was required to examine various documents and determine if such documents were forged, and if so, whether such forgery was perpetrated by the Defendant.[10] For example, the Commonwealth presented the testimony of Patricia Spillman, the tax coordinator at Lehigh Valley Health Network. Ms. Spillman testified that the earning statement bearing Lehigh Valley Health Network's name, and which was found in the filing cabinet of Defendant's residence, was not an authentic statement. (N.T.

---

[10] If for example the jury was given the task of interpreting a contract, then the Court's ultimate conclusion of whether the Defendant was adversely affected by the Jury Foreperson's reading skills might be different. However, the jury was required to examine a social security card in determining if it was tampered with, and whether the earning statement found in Defendant's residence was authentic or as they say, a product of being "cut and pasted" together.

5/10/12 at 61-62). She went on to explain the differences between a genuine earnings statement of Lehigh Valley Health Network and the exhibit. (N.T. 5/10/12 at 62-67). The differences were obvious once one examined the exhibit; an examination of the exhibit did not require a heightened level of literacy to make such a determination.

In considering the evidence presented, both the oral testimony and the exhibits admitted, along with the Jury Foreperson's unequivocal answers that he understood and comprehended such evidence presented, this Court concluded that the Defendant was not prejudiced by reason of the Jury Foreperson's partial inability to read English. *See, Commonwealth v. Bullock*, 558 A.2d 535 (Pa. Super. Ct. 1989) (Superior Court held that because most of the testimony present in the case was oral testimony and thus the core of the case centered around the credibility of witnesses, even if one of the jury members on the panel was unable to read or write, "the deliberations of the jury could not have been affected in any significant way." *Id.* at 538).[11] As a result, this Court's refused to disqualify the Jury Foreperson was proper.

Accordingly, since the issues raised on appeal mirror those issues Defendant previously argued before this Court and those

---

[11] It must also be noted, as likewise were the circumstances in *Silverman*, the evidence presented by the Commonwealth in this matter was virtually uncontested.

issues were determined to be either meritless or premature, it is respectively requested that the Honorable Superior Court allow the jury verdict to stand and to affirm this Court's Orders dated November 30, 2012, and January 8, 2014, and the judgment of sentence imposed upon the Defendant.

BY THE COURT:

_____

Joseph J. Matika, J.

[FM-17-14]

17